IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF OKLAHOMA

Kyle Joseph Vannortwick            ,          CASE #    CR- **FILED**
            PETITIONER,
                                                              DEC 1 2 2022
       V.                      22 CIV 357 JFH
UNITED STATES OF AMERICA       ,                        BONNIE HACKLER
                                                        Clerk, U.S. District Court
            RESPONDENT(S).                        By  By
                                                              Deputy Clerk

## MOTION UNDER 28 U.S.C. §2241 for §3584 and §5G1.3

Motions for actions challenging the calculation of State/Federal overlapping terms in sentencing, primarily in matters where the State Offense is related to the Federal conviction. The flexibility of the addition of §5G1.3, to which the FBOP has no part, thus Administrative Remedy process is inapplicable, with the §3584, renders the possibility of concurrent sentencing which can be back-dated to an earlier sentence, if required, to generate a sentence in concert with 18 U.S.C. §3553(a) factors. Since 28 U.S.C. §2241 is for 'suration of sentence' arguments, it is the one applicable to Motions challenging §5G1.3 and §3584 calculations.

---

§3584 MULTIPLE SENTENCES OF IMPRISONMENT

(A) Imposition of concurrent or consecutive terms. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment are imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run;
                    Concurrently or consecutively,
except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the Court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times are run cosecutively unless the Court orders that the terms are to run concurrently.

Sentences may run concurrent in part, or in full, or from a prior date of conviction or arrest [Nun Pro Tunc]. The sentences in this matter are: date of Arrest on February 18th, 2018                              
_____ and up until sentencing on July 7th, 2022

§5G1.3 Imposition of Sentence on a Defendant Subject to an Undischarged Term of Imprisonment.

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), or after sentencing for, but before commencing service of, such a term of imprisonment, the sentence for the instant offense <u>shall be imposed to run consecutively to the undischarged term of imprisonment.</u>

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant to the instant offense of conviction under the provisions of subsection (a)(1), (a)(2) or (a)(3) of 1B1.3 (Relevant Conduct), and that was the basis for an increase in the offense level for the instant offense under Chapter Two, (Offense Conduct), or Chapter Three, (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) The Court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the Court determines that such period of imprisonment will not be credited to the Federal sentence by the Bureau of Prisons; and

(2) <u>The sentence for the instant offense shall be imposed to</u> RUN CONCURRENTLY TO THE REMAINDER OF THE UNDISCHARGED TERM OF IMPRISONMENT.

(c) (Policy Statement). In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to <u>run concurrently</u>, partially concurrently, or consecutively to prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Construction and Applications of the United States Sentencing Guidelines §5G1.3(b), <u>requiring Federal Sentence to RUN CONCURRENTLY TO UNDISCHARGED STATE SENTENCE</u>, when STate sentence has been fully taken into account in determining offense level for Federal Offense – Requirements for Application and Determination Applicable Version of Sentencing Guidelines. 11ALR Fed.2d 119.

Drake, 49 F.3d 1438, 1440 (9th Cir. 1995); (Use of §5G1.3 is "not under the Attorney General's authority, [FBOP].") "Application of Section §5G1.3(b) is a matter for the Court, not the Bureau of Prisons, to decide."
Massey, 2020 US Dist. LEXIS 48606 (7th Dist.);
Holloman, 635 Fed. Appx. 12 (3rd Cir. 2015);
Nelson, 982 F.3d 1141 (8th Cir. 2020);
Maxie, 647 Fed. Appx. 551 (6th Cir. 2016);
Tillman, 822 Fed. Appx. 897 (5th & 11th Cir. 2020)(quoting Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008)(quoting Gall, 552 US 38, 51(S.Ct. 2007). Here, the relevant Sentencing Guideline provides that if 'a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction...the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment. U.S.S.G. §5G1.3(c)."
Carter, 2013 US Dist. LEXIS 161768 (11th Dist.) "[Petitioner] is correct that, had the district judge wished to do so, he could have imposed a federal sentence that was to run concurrently with his existing state sentence: 18 U.S.C. §3584(a); U.S.S.G. §5G1.3."

Meaning that a District Judge has the authority to create a Federal sentence that runs completely concurrent with an already running state sentence. He has the discretion to create a Federal term that is completely concurrent with an already running State term, a 'backdate' if you will, should it be established that the relevant conduct was from the same event, and structure what the District Judge feels is an appropriate composite sentence under 18 U.S.C. §3553(a) factors.

The dates in contention are from __February__, __18th__, __2018__ until __July__, __7th__, __2022__. The Bureau of Prisons will not credit these dates, and under §5G1.3, has no authority to do so, thus Administrative Remedy within the Federal Bureau of Prisons is not applicable to this Motion, being an entirely Court function. Petitioner seeks full concurrency for his relevant conduct arising from the same original incident.

I, __Kyle Joseph Vannortwick__ hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the aforesaid to be true and correct.

__November 28th, 2022__
Dated :

Signature

```
    GREAG   540*23  *          SENTENCE MONITORING         *   09-14-2022
    PAGE 001         *          COMPUTATION DATA            *   14:30:26
                                AS OF 09-14-2022

REGNO..: 04340-509  NAME: VANNORTWICK, KYLE JOSEPH


FBI NO...........: 391172LC1          DATE OF BIRTH: 10-09-1984  AGE:  37
ARS1.............: GRE/A-DES
UNIT.............: H1                 QUARTERS.....: A07-224U
DETAINERS........: NO                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 12-21-2033

THE INMATE IS PROJECTED FOR RELEASE: 06-21-2034 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: OKLAHOMA, EASTERN DISTRICT
DOCKET NUMBER...................: CR-20-00062-001-RAW
JUDGE...........................: WHITE
DATE SENTENCED/PROBATION IMPOSED: 07-07-2022
DATE COMMITTED..................: 08-15-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:     $100.00         $00.00           $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

--------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  721      18:1111 HOMICIDE MURDER        FSA INELIGIBLE
OFF/CHG: 18:1111(A), 1151, & 1153 MURDER IN INDIAN COUNTY   2ND DEGREE

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    216 MONTHS
  TERM OF SUPERVISION............:      5 YEARS
  DATE OF OFFENSE................: 02-18-2018




G0002        MORE PAGES TO FOLLOW . . .
```

```
 GREAG  540*23 *           SENTENCE MONITORING         *      09-14-2022
 PAGE 002 OF 002 *          COMPUTATION DATA           *      14:30:26
                           AS OF 09-14-2022

REGNO..: 04340-509 NAME: VANNORTWICK, KYLE JOSEPH


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-09-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-09-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-07-2022
TOTAL TERM IN EFFECT............:   216 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    18 YEARS
EARLIEST DATE OF OFFENSE........: 02-18-2018

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    02-18-2018   05-08-2018
                                    05-09-2019   07-06-2022

TOTAL PRIOR CREDIT TIME.........: 1235
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 972
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 06-21-2034
ELDERLY OFFENDER TWO THIRDS DATE: 02-18-2031
EXPIRATION FULL TERM DATE.......: 02-17-2037
TIME SERVED.....................:       3 YEARS      6 MONTHS      28 DAYS
PERCENTAGE OF FULL TERM SERVED..:  19.8
PERCENT OF STATUTORY TERM SERVED:  23.2

PROJECTED SATISFACTION DATE.....: 06-21-2034
PROJECTED SATISFACTION METHOD...: GCT REL




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```



Kyle J. Vanortwick 04340509
FCI Greenville
Po Box 5000
Greenville, Illinois 62246

Bonnie Hackler
Us Court Clerk
Eastern District of Oklahoma
Po Box 607
Muskogee, Oklahoma 74402

SAINT LOUIS MO 630
8 DEC 2022 PM 10 L

74402-060707